IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and<br>BOSTON SCIENTIFIC SCIMED, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOHNSON & JOHNSON, INC. and<br>CORDIS CORPORATION,<br><br>    Defendants. | Civil Action No. 07-333-SLR |
| BOSTON SCIENTIFIC CORPORATION and<br>BOSTON SCIENTIFIC SCIMED, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOHNSON & JOHNSON, INC. and<br>CORDIS CORPORATION,<br><br>    Defendants. | Civil Action No. 07-348-SLR |
| BOSTON SCIENTIFIC CORPORATION and<br>BOSTON SCIENTIFIC SCIMED, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOHNSON & JOHNSON, INC. and<br>CORDIS CORPORATION,<br><br>    Defendants. | Civil Action No. 07-409-SLR |

**DECLARATION OF TODD MESSAL**

I, Todd Messal, declare and state as follows:

1. I am Patent Counsel for Boston Scientific Corporation ("BSC"), one of the plaintiffs in each of the three, above-captioned declaratory judgment actions. I make this declaration of my own knowledge, and could and would testify competently as to the matters set forth herein if called upon to do so by a court of law.

2. BSC is a medical device company based in Natick, Massachusetts. Advanced coronary stent technology forms a major part of BSC's business.

3. In April 2006, BSC acquired the cardiac rhythm management businesses of Guidant Corporation ("Guidant") for $27.2 billion.

4. Just before BSC's acquisition of Guidant, Abbott Laboratories ("Abbott") purchased Guidant's vascular businesses, including its coronary stents, for $4.1 billion in cash in addition to other consideration.

5. Abbott's Xience V™ stent was originally developed by Guidant.

6. Abbott and BSC have entered into an agreement that requires Abbott to sell BSC a private-label version of the Xience V stent.

7. BSC sells the private-label version of the Xience V stent manufactured by Abbott under the name Promus™.

8. BSC has been selling the Promus stent in Europe since January 2007, and expects to be able to sell it in the United States in the first or second quarter of 2008.

9. Abbott and BSC are competitors in the medical device market. BSC makes and sells several other stent products that compete with similar products sold by Abbott. For example, BSC's Taxus™ stent is one of the top-selling drug-eluting stents, both in the United States and worldwide.

10. Abbott markets its Xience V stent as an alternative to Taxus.

11. Once BSC receives approval to sell the Promus stent in the Untied States from the FDA, BSC expects that Promus will compete directly with the identical Abbott Xience V stent here.

12. Abbott is a defendant in a patent infringement case in the Northern District of California, styled *Medtronic Vascular et al. v. Advanced Cardiovascular Systems, Inc. et al.*, C.A. No. 06-01066-PJH, which includes allegations that Abbott's XIENCE V stent infringes two patents and seeks to enjoin Abbott from making that stent.

13. BSC moved to intervene in that California case because it was in fear of being sued on the same two patents-in-suit on its PROMUS stent. BSC wanted to protect its vital business interests in the PROMUS stent by joining the case, which also would preserve judicial resources by resolving the related issues among BSC, Abbott and the plaintiffs in one case.

14. On July 27, 2007, the Court in the California case granted BSC's motion to intervene. In doing so, the Court found that, if standing were a requirement to intervene as of right (which was disputed by the parties in the briefing), BSC had established such standing under the test recently enunciated by the Supreme Court in *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764 (2007). Attached as Exhibit A is a true and correct copy of the Court's July 27, 2007 Order granting BSC's motion to intervene.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 10th day of August, 2007.

_____
Todd Messal

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC VASCULAR INC.,
et al.,

    Plaintiffs,

    v.

ADVANCED CARDIOVASCULAR
SYSTEMS, INC., et al.,

    Defendants.

No. C 06-1066 PJH

**ORDER GRANTING MOTION TO INTERVENE**

    The motion of Boston Scientific Corporation ("BSC") to intervene as counter-claimant came on for hearing on July 25, 2007. Plaintiffs appeared through their counsel Leo L. Lam and Jeffrey N. Cotakos, and defendants ("Abbott") appeared through their counsel Robert F. McCauley. BSC appeared through its counsel Elizabeth A. Brown and Frank Scherkenbach. Having carefully reviewed the parties' papers and considered the arguments of counsel and the relevant legal authority, and for good cause appearing, the court hereby rules as follows for the reasons stated at the hearing.

    Intervention as a matter of right under Fed. R. Civ. P. 24(a) is appropriate when (1) the applicant's motion is timely; (2) the applicant claims a significantly protectable interest relating to the property or transaction subject to the action; (3) disposition of the action may impair or impede protection of the interest; and (4) the current parties do not adequately represent the interests of the applicant. Sierra Club v. EPA, 995 F.2d 1478, 1484 (9th Cir. 1993). Permissive intervention, governed by Fed. R. Civ. P. 24(b), "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." Beckman Indus. v.

1  International Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992).

2    First, it appears that a party seeking to intervene as of right under Rule 24(a) need not possess constitutional Article III standing in this circuit, although that party must show that he or she has a protectable interest in the outcome of the litigation. See Yniguez v. Arizona, 939 F.2d 727, 731 (9th Cir. 1991); United States v. $129,374 in United States Currency, 769 F.2d 583, 586 (9th Cir. 1985). In any event, even if standing were required, the court finds that the "facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 127 S. Ct. 764, 771 (2007). BSC has been actively promoting the medical device at issue (the Promus stent) in the United States, FDA approval is expected in early or mid-2008, Abbott is already manufacturing that stent for BSC in the United States, BSC is already selling that stent in Europe, and plaintiffs have accused that stent in this patent infringement action.

   BSC therefore has a significant protectable interest under Rule 24(a) which would be impaired by disposition of the action. BSC's motion is timely, as discovery is in its early stages, the claim construction hearing has not yet taken place, and dispositive motions have not yet been filed. Nor does Abbott, BSC's competitor, adequately represent BSC's interests. BSC may therefore intervene as a matter of right. In the alternative, even if BSC could not intervene as a matter of right, permissive intervention is proper, as there is an independent ground for jurisdiction, BSC moved in a timely manner, and there is a common question of law and fact between BSC's claim or defense and the main action.

///
///
///
///
///

BSC's motion to intervene is therefore GRANTED as stated on the record. All parties shall meet and confer as to any enlargement of the number of depositions that may be needed and/or any adjustments to time that may be necessary, and shall submit a stipulation and proposed order regarding the same.

**IT IS SO ORDERED.**

Dated: July 26, 2007

PHYLLIS J. HAMILTON
United States District Judge

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire, hereby certify that on August 13, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> Lauren E. Maguire, Esquire
> Ashby & Geddes
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on August 13, 2007, I caused a copy of the foregoing document to be served by hand-delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY ELECTRONIC MAIL**

> David T. Pritikin, Esquire
> William H. Baumgartner, Jr., Esquire
> Russell E. Cass, Esquire
> Laura L. Kolb, Esquire
> Sidley Austin LLP
> One South Dearborn
> Chicago, IL 60603

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> */s/ Josy W. Ingersoll*
> Josy W. Ingersoll (# 1088)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19899-0391
> (302) 571-6600
> jingersoll@ycst.com
>
> Attorneys for Boston Scientific Corporation and Boston Scientific Scimed, Inc.