IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOSTON SCIENTIFIC CORPORATION and, BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-333-SLR |
| JOHNSON AND JOHNSON, INC. and CORDIS CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |
| BOSTON SCIENTIFIC CORPORATION and, BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-348-SLR |
| JOHNSON AND JOHNSON, INC. and CORDIS CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-409-SLR |
| JOHNSON & JOHNSON, INC. and CORDIS CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

|  |  |  |
|---|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 07-765-SLR |
| v. | ) ) | |
| JOHNSON & JOHNSON, INC. and CORDIS CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

## MOTION TO TRANSFER CASES PURSUANT TO 28 U.S.C. § 1404(a)

Defendants Johnson & Johnson, Inc. and Cordis Corporation (collectively "Cordis") respectfully move the Court to transfer the four cases captioned above to the District of New Jersey.

Plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively "Boston Scientific") seek a declaratory judgment in these cases that four Cordis patents are invalid and not infringed by its Promus drug-eluting stent.[1] On November 28, 2007, the Court determined that declaratory judgment actions brought by Abbott against Cordis in the District of Delaware should be dismissed[2] and that the controversy should, instead, be resolved in the District of New Jersey, where Cordis had previously filed mirror image infringement actions against Abbott. The Boston Scientific cases at issue here involve the same four patents at issue in the New Jersey cases filed against Abbott. They also involve the same accused product – Boston Scientific's Promus stent, although not yet sold in this country, simply will be a private-label version of the Abbott Xience V stent at issue in the New Jersey cases. And, the New Jersey

---

[1] These patents are U.S. Patent No. 7,217,286 (in the 333 case), U.S. Patent No. 7,223,286 (in the 348 case), U.S. Patent No. 7,229,473 (in the 409 case) and U.S. Patent No. 7,300,662 (in the 765 case).

[2] These cases are C.A. Nos. 06-613-SLR and 07-259-SLR.

2

cases are the first-filed cases – Cordis filed the first of the New Jersey actions before Boston Scientific filed any of the actions at issue in this motion.

Cordis has moved to dismiss all four Boston Scientific declaratory judgment actions for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[3] Cordis continues to believe that the Boston Scientific actions were filed prematurely and failed to satisfy the case or controversy requirement. In the event that the Court denies Cordis's motion to dismiss, however, Cordis respectfully requests that this Court transfer the Boston Scientific actions to the District of New Jersey. Alternatively, the Court should transfer the Boston Scientific actions to New Jersey and allow the New Jersey Court to resolve Cordis's motions to dismiss for lack of subject matter jurisdiction.

## I.     LEGAL STANDARDS

"For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2007). The Third Circuit has enumerated a number of private and public interests to be considered in determining whether a case should be transferred to a different forum. The private interests include: (1) the plaintiff's forum preference as manifested by the plaintiff's original forum choice; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of the books and records to the extent that the files could not be produced in the alternative forum. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the

---

[3]     The basis for the requested relief is fully set forth in defendants' July 18, 2007 double-captioned opening memorandum in support of their motions to dismiss the complaints in Civil Action Numbers 07-333-SLR and 07-348-SLR.

3

local interest in deciding local controversies at home; and (5) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.*

## II. THE DISTRICT OF NEW JERSEY IS A PROPER VENUE FOR THIS LITIGATION

Under Section 1404(a), a case may be transferred to "any other district or division where it might have been brought." The District of New Jersey is such a district. 28 U.S.C. § 1391. Boston Scientific is subject to personal jurisdiction in New Jersey. Boston Scientific maintains a plant in Wayne, New Jersey, has numerous employees in New Jersey, and sells products in and derives substantial revenue from New Jersey. Because Boston Scientific is subject to personal jurisdiction in New Jersey, venue is proper under 28 U.S.C. §§ 1391(c) and 1400.

## III. THE PUBLIC INTEREST WILL BE SERVED BY TRANSFERRING THE CASES TO THE DISTRICT OF NEW JERSEY.

The public interest factors overwhelmingly favor transferring the Boston Scientific cases to the District of New Jersey – in particular, the "practical considerations that could make the trial easy, expeditious, or inexpensive." The Abbott cases that, under the Court's ruling dismissing the Delaware cases, will go forward in the District of New Jersey, involve exactly the same patents and exactly the same accused products as the Boston Scientific cases. Boston Scientific's Promus stent, which is the subject of the actions at issue here, is simply the Abbott Xience V marketed by Boston Scientific under its own name. Claim construction issues, infringement issues, and validity issues will thus be identical in the Abbott and Boston Scientific cases. The first of the Abbott cases was filed in New Jersey on May 15, 2007, ten days before Boston Scientific filed its first declaratory judgment action on May 25, 2007.

"To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 21 (1960). As a result, "[w]here related lawsuits exit, it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court." *Cashedge, Inc. v. Yodlee, Inc.*, No. 06-170-JJF, 2006 WL 2038504, at *2 (D. Del. July 19, 2006) Where a first-

4

filed case is pending in another forum, "the second-filed action is usually stayed or transferred to the court where the first-filed action is pending." *Arrow Communication Labs., Inc. v. John Mezzalingua Assocs.*, No. 05-357-SLR, 2005 WL 2786691, at *2 (D. Del. Oct. 26, 2005). This rule "encourages sound judicial administration and promotes comity among federal courts of equal rank." *Id.* Consequently, "[i]nvocation of the rule will usually be the norm, not the exception." *Id.*

Applying this rule, Courts have frequently transferred cases where an earlier-filed litigation involving the same or related patents and the same or similar products was pending in another forum. *See, e.g.*, *Cashedge*, 2006 WL 2038504, at *2 (transferring case from the District of Delaware to the Northern District of California where litigation involving related patents-in-suit was pending); *Alloc, Inc. v. Unilin Décor N.V.*, 2006 WL 2050815, at *3 (D. Del. 2006) (transferring case from District of Delaware to Eastern District of Wisconsin where there was previously filed litigation involving the same patents); *Brunswick Corp. v. Precor Inc.*, No. 00-691-GMS, 2000 WL 1876477, at *3 (D. Del. Dec. 12, 2000) (transferring case from the District of Delaware to the Western District of Washington where the parties had previously litigated claims regarding a parent of the patent at issue and were currently litigating other patent infringement claims regarding the same subject matter).

Keeping the Boston Scientific cases in this forum, while allowing Cordis's claims against Abbott to proceed in the District of New Jersey, would result in the very duplicative litigation the transfer statute is intended to eliminate. It would also open the door to inconsistent rulings (regarding claim construction and validity for example) regarding the asserted patents. No efficiencies would be lost by transferring the cases now to the District of New Jersey. Consequently, this factor strongly favors transfer of this litigation to the District of New Jersey, where the first-filed action involving the same patents and product is pending.

The other public interest factors also favor transferring the Boston Scientific cases to the District of New Jersey. First, there is no unique wrong in the District of Delaware. Cordis's infringement claims arise anywhere an infringing product is made or sold in the United States.

5

*See* 35 U.S.C. § 271(a).  The Promus stent delivery system is not manufactured in the District of Delaware and, although it is not currently approved for sale in the United States, when approved it will be sold in every judicial district in the country.  Furthermore, because patent infringement involves the violation of federal law, "the familiarity of the trial judge with the applicable state law in diversity cases" is a non-factor in this case.  Therefore, the other factors that overwhelmingly favor the District of New Jersey should control.

### IV.     THE PRIVATE INTEREST WILL BE SERVED BY TRANSFERRING THE CASES TO THE DISTRICT OF NEW JERSEY.

The private interest factors also weigh in favor of transferring the Boston Scientific cases to the District of New Jersey.  First, although Plaintiff Boston Scientific is a Delaware Corporation, its principal place of business is in Natick, Massachusetts.  When "the plaintiff has chosen to bring suit in a district that is not plaintiff's 'home turf' and that has no connection to any acts giving rise to the lawsuit, convenience to the plaintiff is not as great as it would be were plaintiff litigating at or near plaintiff's principal business or at the site of activities at issue in the lawsuit."  *Arrow Communication*, 2005 WL 2786691, at *3 (quoting *Burstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp. 106, 110 (D. Del. 1992)).

On the other hand, Johnson & Johnson is both incorporated and has a principal place of business in the District of New Jersey.[4]  Much of the research and development work leading to the patents-in-suit was conducted in Warren, New Jersey.  The inventors of the patents-in-suit reside in New Jersey.  And, a large number of Cordis documents likely to be relevant in the case (including FDA documents, laboratory notebooks, and records pertaining to Cordis's own drug-eluting Cypher stent) are located in New Jersey.

Consequently, the remaining private interest factors also weigh in favor of transferring the case.  For these reasons, as well as the overwhelming public interest justification described above, Cordis's infringement claims against Boston Scientific should also be decided along with its claims against Abbott in the District of New Jersey.

---

[4]     Defendant Cordis also has a principal place of business in New Jersey.

## V.  CONCLUSION

For the foregoing reasons, Cordis respectfully submits that its motion to transfer should be granted.

ASHBY & GEDDES

*/s/ Steven J. Balick*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888

*Attorneys for Defendants*

*Of Counsel:*
David T. Pritikin
William H. Baumgartner, Jr.
Russell E. Cass
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

Dated:  December 20, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOSTON SCIENTIFIC CORPORATION and, BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-333-SLR |
| JOHNSON AND JOHNSON, INC. and CORDIS CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |
| BOSTON SCIENTIFIC CORPORATION and, BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-348-SLR |
| JOHNSON AND JOHNSON, INC. and CORDIS CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-409-SLR |
| JOHNSON & JOHNSON, INC. and CORDIS CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

|  |  |  |
|---|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 07-765-SLR |
| v. | ) ) | |
| JOHNSON & JOHNSON, INC. and CORDIS CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This _____ day of _____, 2008, the Court having considered Cordis's motion to transfer the above-captioned cases to the District of New Jersey pursuant to 28 U.S.C. § 1404(a), and having concluded that good grounds exist for the requested relief; now therefore,

IT IS HEREBY ORDERED that Cordis's motion is granted, and that the captioned actions are transferred to the District of New Jersey.

_____
United States District Judge

CH1 4093805v.1

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

I hereby certify that prior to the filing of the attached motion, defendants' counsel discussed the requested relief with plaintiffs' counsel, but that no agreement could be reached.

*/s/ Steven J. Balick*

Steven J. Balick