IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & JOHNSON, INC. and CORDIS CORPORATION, <br><br> Defendants. | Civil Action No. 07-348-SLR <br><br> **JURY TRIAL DEMANDED** |

**BOSTON SCIENTIFIC CORPORATION AND BOSTON SCIENTIFIC SCIMED, INC.'S REPLY AND AFFIRMATIVE DEFENSES TO JOHNSON & JOHNSON, INC. AND CORDIS CORPORATION'S COUNTERCLAIMS**

Plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively "BSC"), by their attorneys, for their Reply to the Answer and Counterclaims of Defendants Johnson & Johnson, Inc. and Cordis Corporation (collectively "Cordis"), hereby state as follows in reply to the numbered paragraphs of Cordis's counterclaims:

1. BSC denies that Cordis is a pioneer in developing invasive treatments for vascular disease. On information and belief, BSC admits the remaining allegations contained in paragraph 1.

2. BSC admits the allegations contained in paragraph 2.

3. Denied.

4. Denied.

5. BSC admits the allegations contained in paragraph 5.

6. BSC admits the allegations contained in paragraph 6.

2

7. BSC admits the allegations in the first and second sentences of paragraph 7. BSC admits that it intends to begin selling the PROMUS stent in the Unites States imminently upon FDA approval, which is expected.

8. BSC admits that on May 29, 2007, U.S. Patent No. 7,223,286 entitled "Local Delivery of Rapamycin for Treatment of Proliferative Sequelae Associated with PTCA Procedures, Including Delivery Using a Modified stent" (the "'3286 patent") was issued by the United States Patent and Trademark Office to Wright et al., but denies that the '3286 patent was "duly and legally" issued. BSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to the ownership of the '3286 patent, and therefore denies the same.

9. Denied.

10. Denied.

11. BSC denies the allegations of paragraph 11 as they are pled in relation to Cordis's counterclaims, but BSC admits that a present actual and substantial controversy exists as recited in BSC's Declaratory Judgment complaint.

12. BSC repeats and re-avers it responses to paragraphs 1–11 of the counterclaims.

13. Denied.

14. BSC denies the allegation in the first sentence of paragraph 14. BSC denies the allegations in the second sentence of paragraph 14 as they are pled in relation to Cordis's counterclaims, but BSC admits that an actual and justiciable controversy exists as recited in BSC's Declaratory Judgment complaint.

15. BSC admits that it was aware of the existence of the '3286 patent at the date of Cordis's counterclaims, but denies the remaining allegations of paragraph 15.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### Non-Infringement

16.     BSC incorporates by reference and realleges each and every allegation contained in paragraphs 1–15 above.

17.     BSC has not infringed, does not infringe, and will not infringe (either directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, any valid and enforceable claim of the '3286 patent.

### Second Affirmative Defense

### Invalidity

18.     BSC incorporates by reference and realleges each and every allegation contained in paragraphs 1–17 above.

19.     The claims of the '3286 patent are invalid for failure to satisfy the requirements of the United States patent laws embodied in 35 U.S.C. §§ 100, et seq., including one of more of the following: 35 U.S.C. §§ 101, 102, 103, 112.

## PRAYER FOR RELIEF

WHEREFORE, BSC prays that this Court enter judgment as follows, ordering that:

(a)     Defendants' counterclaims against Plaintiffs are dismissed in their entirety with prejudice, and denying all of the relief requested by Defendants therein;

(b)     Each and every claim of U.S. Patent No. 7,223,286 is invalid;

(c)     Plaintiffs are not liable for directly, contributorily or inducing infringement of any claim of U.S. Patent No. 7,223,286, either literally or under the doctrine of equivalents;

(d) Defendants and their officers, agents, employees, representatives, counsel and all persons in active concert or participation with any of them, directly or indirectly, be enjoined from threatening or charging infringement of, or instituting any action for infringement of U.S. Patent No. 7,223,286 against Plaintiffs, its suppliers, customers, distributors or users of its products;

(e) Defendants pay to Plaintiffs the costs and reasonable attorney's fees incurred by Plaintiffs in this action; and

(f) Plaintiffs be granted such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*
_____

Dated: March 12, 2008

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
Andrew A. Lundgren (No. 4429) [alundgren@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

OF COUNSEL:

Richard L. DeLucia
Paul M. Richter
Michael K. Levy
Jerry Canada
KENYON & KENYON LLP
One Broadway
New York, New York 10004
(212) 425-7200

*Attorneys for Plaintiffs,*
*Boston Scientific Corporation and*
*Boston Scientific Scimed, Inc.*

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on March 12, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire [sbalick@ashby-geddes.com]
> John G. Day, Esquire [jday@ashby-geddes.com]
> Lauren E. Maguire, Esquire [lmaguire@ashby-geddes.com]
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on March 12, 2008, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel and on the following non-registered participants in the manner indicated:

> ***By E-Mail***
>
> David T. Pritikin, Esquire [dpritikin@sidley.com]
> William H. Baumgartner, Esquire [wbaumgartner@sidley.com]
> Paul E. Veith, Esquire [pveith@sidley.com]
> Russell E. Cass, Esquire [rcass@sidley.com]
> SIDLEY AUSTIN LLP
> One South Dearborn
> Chicago, IL 60603

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Karen L. Pascale*

Josy W. Ingersoll (#1088) [jingersoll@ycst.com]
Karen L. Pascale (#2903) [kpascale@ycst.com]
Karen E. Keller (#4489) [kkeller@ycst.com]
Andrew A. Lundgren (#4429) [alundgren@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
*Attorneys for Plaintiffs, Boston Scientific Corporation and Boston Scientific Scimed, Inc.*